**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JAMES EDEN,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY, *et al.*,<br><br>Defendants. | Case No. 26-10497 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* Plaintiff James Eden's ("Plaintiff") civil rights complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and his application to proceed *in forma pauperis* (ECF No. 1-1). The Court grants Plaintiff leave to proceed *in forma pauperis* and orders the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Complaint is dismissed in its entirety.

## I. BACKGROUND

The Court construes the allegations in the Complaint as true for the purposes of this Opinion. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Plaintiff is a pretrial detainee, housed at the Atlantic County Justice Facility. (ECF No. 1 at 2-3.) Plaintiff brings this civil rights action, pursuant to 24 U.S.C. § 1983, against: (1) the State of New Jersey, (2) Atlantic

County Sheriff's Department; (3) Superior Court Judge Donna Taylor ("Judge Taylor"), and (4) Atlantic County Prosecutor William E. Reynolds ("Prosecutor Reynolds or Reynolds") (collectively, "Defendants"). (*See generally* ECF No. 1.) Considering Plaintiff's *pro se* status, the Court construes the claims against Defendants Judge Taylor and Prosecutor Reynolds as being brought against them in their official and individual capacities.

In the Complaint, Plaintiff contends that Defendant Judge Taylor, as a member of the Superior Court, allowed the Defendant Atlantic County Sheriff's Department to enforce a policy that prevents the Atlantic County Prosecutor's Office from providing a defendant with discovery at their arraignment. (*Id.* at 6.) Plaintiff claims Prosecutor Reynolds failed to provide Plaintiff with post-indictment discovery based on this policy. (*Id.* at 4.) Plaintiff claims the policy is based on the "argument that the prosecutor/attorney is 'passing drugs' through the discovery by 'painting' the discovery with drugs." (*Id.* at 6.) Plaintiff argues that post-indictment discovery must be afforded to every defendant and the post-indictment arraignment cannot take place without that discovery. (*Id.* at 5.) Plaintiff submits that withholding of the discovery is a violation of due process. (*Id.* at 6.)

Plaintiff seeks monetary compensation and unspecified injunctive relief.

## II. Legal Standard

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which the court may grant relief or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915(e)(2)(B), 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III. Decision

In the Complaint, Plaintiff alleges Defendants are liable to him under 42 U.S.C. § 1983 because Defendants violated his due process rights to post-indictment discovery. (*See generally* ECF No. 1.) A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to

> be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to obtain relief under § 1983, a plaintiff must establish: (1) that one of his rights secured by the Constitution or laws of the United States was violated; and (2) that this violation was caused or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 U.S. 386, 393–94 (1989); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Here, the Court construes Plaintiff's Complaint to allege claims for relief against Defendants State of New Jersey, Atlantic County Sheriff's Department, Judge Taylor, and Prosecutor Reynolds.

**A. Failure to State a Claim**

**1. Eleventh Amendment Immunity and Not a Person – Defendants the State of New Jersey, Atlantic County Sheriff's Department, Judge Taylor, and Prosecutor Reynolds**

The Complaint raises claims against Defendants the State of New Jersey and the Atlantic County Sheriff's Department, and Judge Taylor and Prosecutor Reynolds in their official capacities, alleging that Defendants denied Plaintiff post-indictment discovery. (*See generally* ECF No. 1.)

Absent a clear waiver by a state of its Eleventh Amendment immunity or a congressional abrogation of that immunity, a federal court lacks jurisdiction to hear claims brought by a private

individual against that state. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984); *Allen v. N.J. State Police*, 974 F.3d 497, 504 (3d Cir. 2020). The protection extends to "states and their agencies and departments" and applies "regardless of the nature of the relief sought." *Shahin v. Delaware*, 345 F. App'x 815, 817 (3d Cir. 2009) (per curiam) (citing *Pennhurst State Sch. & Hosp.*, 465 U.S. at 100). This protection encompasses individual state employees sued in their official capacity "because 'official-capacity suits generally represent only another way of pleading an action' against the state." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010) (citation omitted). Official capacity claims against state court judges are equivalent to claims against the state. *See Clauso v. Solomon*, No. 14-5280, 2017 WL 1528712, at * 6 (D.N.J. Apr. 27, 107 (finding § 1983 claims against state court judges in their official capacity were barred by the Eleventh Amendment). Additionally, the Third Circuit has held that an official-capacity suit against a county prosecutor performing law enforcement and prosecutorial functions amounts to a suit against the state. *See Hyatt v. Cnty. of Passaic*, 340 F. App'x 833, 836–37 (3d Cir. 2009).

New Jersey has not waived immunity for § 1983 or state law claims in federal court. *See Ohan v. Essex Cnty. Sheriff's Off.*, No. 09-1977, 2010 WL 11693192, at *2 (D.N.J. Feb. 17, 2010) ("New Jersey has never waived its sovereign immunity in federal courts.") Accordingly, Plaintiff's claims against the State of New Jersey and Defendants Judge Taylor and Reynolds in their official capacity are barred by the Eleventh Amendment.

Moreover, the State of New Jersey and Defendants Taylor and Reynolds are not "persons" subject to liability under § 1983. *See Endl v. New Jersey*, 5 F. Supp. 3d 689, 697–98, 698 n.6 (D.N.J. 2014) (finding that the State of New Jersey, the DOC, and named DOC officers in their official capacity are not "persons" subject to suit under § 1983); *see Richardson v. New Jersey*, 2019 WL 6130870, at * 4 (D.N.J. Nov. 18, 2019) (finding prosecutor's office and its employees

sued in their official capacities were acting as an arm of the State and are not "persons" amendable to suit). Therefore, even if they were not immune under the Eleventh Amendment, they would not be subject to liability under § 1983. Additionally, Atlantic County Sheriff's Office does not qualify as a "person" subject to suit under § 1983. *Brandon v. Holt*, 469 U.S. 464, 472 (1985) (finding county department does not have an identity distinct from the county itself.)

Accordingly, all claims against the State of New Jersey, Atlantic County Sheriff's Department, and Defendants Taylor and Reynolds in their official capacity are dismissed with prejudice for lack of jurisdiction.

**2. Judicial Immunity – Judge Taylor**

Plaintiff raises claims against Defendant Judge Taylor in her individual capacity for allegedly enforcing the policy that prevents the Atlantic County Prosecutor's Office from providing a defendant with discovery at their arraignment. (ECF No. 1 at 6.)

Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303–04 (3d Cir. 2006) (per curiam). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443–44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Additionally, judges of both general and limited jurisdiction, including municipal court judges, are entitled to judicial immunity. *See id.* at 441

(concluding that municipal court judges, even though they preside over courts of limited jurisdiction, are entitled to protections of judicial immunity).

There are two circumstances where a judge's immunity from civil liability may be overcome. The exceptions to the judicial immunity doctrine are narrow in scope and infrequently applied. The first exception is where a judge engages in nonjudicial acts, i.e., actions not taken in the judge's judicial capacity. *Mireless v. Waco*, 502 U.S. 9, 11 (1991); *see Figueroa*, 208 F.3d at 440. The second exception involves actions that, though judicial in nature, are taken in the complete absence of jurisdiction. *Id*.

Neither exception is applicable here. The only allegations Plaintiff makes against Defendant Judge Taylor are allegations arising from judicial determinations regarding discovery in Plaintiff's underlying state court criminal proceedings. Therefore, Judge Taylor is entitled to immunity and Plaintiff's claims against him are dismissed with prejudice. *See Kinnard v. George*, 652 F. App'x 96, 98 (3d Cir. 2016) (finding § 1983 action by a *pro se* plaintiff against two state court judges was properly dismissed where plaintiff complained of "judicial actions that [the] Judges . . . took in the course of an official criminal proceeding" because the judges were "protected by absolute judicial immunity").

**3. Prosecutorial Immunity - Prosecutor Reynolds**

Plaintiff brings § 1983 claims against Defendant Prosecutor Reynolds in his individual capacity for failing to provide Plaintiff with post-indictment discovery based on the above discussed policy regarding discovery. (ECF No. 1 at 4, 6.)

Prosecutors are entitled to absolute immunity from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).

"[W]hether a prosecutor is entitled to absolute immunity depends on whether she establishes that she was functioning as the state's 'advocate' while engaging in the alleged conduct that gives rise to the constitutional violation." *Yarris v. Cty. of Delaware*, 465 F.3d 129, 136 (3d Cir. 2006). "[P]rosecutors are immune from claims arising from their conduct in beginning a prosecution, including soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings, presenting a state's case at trial, and appearing before a judge to present evidence." *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020) (cleaned up) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Burns v. Reed*, 500 U.S. 478, 491-92 (1991); *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992)). The Third Circuit has held prosecutors are entitled to absolute immunity under § 1983 for activities related to discovery, including withholding of exculpatory evidence. *Yarris*, 465 F.3d at 137 (finding prosecutors entitled to absolute immunity on claim that they withheld exculpatory evidence prior to trial).

Plaintiff's claims against Defendant Reynolds pertain to the prosecutor's handling of discovery. Applying the above principles here, Defendant Reynolds conduct regarding failing to provide Plaintiff with timely discovery is protected by absolute prosecutorial immunity and Plaintiff's claims against him are dismissed with prejudice.

**4. Injunctive Relief – Judge Taylor and Prosecutor Reynolds**

Plaintiff requests injunctive relief but fails to indicate what injunctive relief is sought. (ECF No. 1 at 6.)

**a. Judge Taylor**

Although judicial immunity previously applied only to damages claims, "[i]n 1996, Congress amended 42 U.S.C. § 1983 to provide that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial

capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*) (quoting § 1983); *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 197–98 (3d Cir. 2000) (observing that the 1996 amendment "implicitly recognizes that declaratory relief is available in some circumstances, and then limits the availability of injunctive relief to circumstances in which declaratory relief is unavailable or inadequate"). In the context of judicial defendants, the United States Court of Appeals for the Third Circuit has explained that "a judge who acts as a neutral and impartial arbiter of a statute is not a proper defendant to a Section 1983 suit challenging the constitutionality of the statute." *Allen v. DeBello*, 861 F.3d 433, 440 (3d Cir. 2017). "However, a judge who acts as an enforcer or administrator of a statute can be sued under Section 1983 for declaratory or (if declaratory relief is unavailable) injunctive relief." *Id.*

Defendant Judge Taylor appears to have presided over Plaintiff's arraignment and prevented the prosecutors from giving Plaintiff discovery, a function normally performed by a judge. Judge Taylor is not alleged to have acted in the absence of jurisdiction or outside of her judicial roles. Additionally, there is no allegation that a declaratory decree was violated in the course of the proceedings described. In these circumstances, Judge Taylor is entitled to immunity, and Plaintiff's injunctive relief claims against him are dismissed with prejudice.

**b. Prosecutor Reynolds**

Prosecutors, such as Defendant Reynolds, are not immune from suit as to requests for declaratory or injunctive relief. *See Blakeney v. Marsico*, 340 F. App'x 778, 779 (3d Cir. 2009) (citing *Supreme Court of Va. v. Consumers Union of the U.S.*, 446 U.S. 719, 736 (1980); *Jorden v. National Guard Bureau*, 799 F.2d 99, 110 (3d Cir. 1986)). However, *Younger* abstention principles dictate dismissal of Plaintiff's claims for injunctive relief. *See generally Younger v.*

*Harris*, 401 U.S. 37 (1971). As the Third Circuit has explained, "*Younger* abstention is a legal doctrine granting federal courts discretion to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding." *Kendal v Russell*, 572 F.3d 126, 130 n.3 (3d Cir. 2009) (citing *Younger*, 401 U.S. at 41).

"Abstention under *Younger* is appropriate only where: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lui v. Comm'n on Adult Entm't Establishments*, 369 F.3d 319, 326 (3d Cir. 2004). Courts have frequently abstained from hearing claims that necessarily interfere with ongoing state criminal cases. *See Lui*, 369 F.3d 319; *Zahl v. Harper*, 282 F.3d 204 (3d Cir. 2002).

All three requirements are met here. First, Plaintiff alleges he is seeking discovery in his ongoing criminal prosecution in state court. Second, the state has important interest in enforcing its criminal laws. Third, the state court criminal proceedings would give him an adequate opportunity to raise his claims regarding access to discovery. Finally, there is no indication "of bad faith, harassment or some other extraordinary circumstance, which might make abstention inappropriate." *Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003); *see also Wattie-Bey v. Attorney Gen.'s Office*, 424 F. App'x 95, 97 (3d Cir. 2011) (per curiam) (quoting *Anthony*). Accordingly, the Court will abstain from considering the merits of Plaintiff's claim for injunctive relief under *Younger* and will dismiss the claim without prejudice.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED** in its entirety. Plaintiff's claims against the State of New Jersey, Atlantic County Sheriff's Office, Defendant

Judge Taylor in her official and individual capacities for all relief and Defendant Reynolds in his official and individual capacities for monetary relief are **DISMISSED WITH PREJUDICE**. Plaintiff's claims against Defendant Reynolds for injunctive relief are **DISMISSED WITHOUT PREJUDICE**. Plaintiff may, within thirty (30) days, file an amended complaint curing the deficiencies discussed above. An appropriate Order follows.

Dated: October 27, 2026

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**